IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KEVIN BERNHARDT,** | ) | **CASE NO. 4:11CV3042** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DAN DANAHER, KIM DOHT, TERRY BUTKUS, JOHN CASEBOLT, and STEVE TOLLEFSON,** | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on March 22, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 9) and, after several extensions of time, has paid the initial partial filing fee. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.    **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on March 22, 2011, against five individual employees of the Nebraska State Penitentiary ("NSP"). (Filing No. 1.) Defendants Danaher, Doht, Butkus, and Casebolt are medical professionals employed at the NSP and Defendant Tollefson is a "food service employee" at the NSP. (Id. at CM/ECF p. 10.) All Defendants are sued in their individual capacities only. (Id.) Plaintiff is currently confined at NSP in Lincoln, Nebraska. (Id.)

Liberally construed, Plaintiff alleges that he worked in the NSP kitchen as a tray worker. (Id. at CM/ECF pp. 10-11.) Prior to October 20, 2010, many inmates working in the kitchen brought to Defendant Tollefson's attention the fact that more "rubber boots" were needed in the kitchen, and that he needed "to fix the leaking hose" on the


dishwasher. (*Id.* at CM/ECF p. 11.) However, Tollefson did not "take corrective action." (*Id.*) On October 20, 2010, while working, Plaintiff noticed a problem with the dishwasher, which he fixed. (*Id.* at CM/ECF pp. 11-12.) Plaintiff noticed the dishwasher leaked, and when he stepped down from fixing the dishwasher, he slipped and fell on the wet floor. (*Id.*) Plaintiff injured his "back, left hip, left femur, and left knee" in the fall. (*Id.* at CM/ECF p. 12.) Plaintiff received treatment from Defendants including an order for bed rest, tylenol, X rays, crutches, and an ice bag. (*Id.* at CM/ECF pp. 12-13.) Plaintiff alleges that was never treated for blood clots, despite showing numerous signs of having blood clots and later being diagnosed with blood clots after a full-leg scan was performed. (*Id.*) In addition, Plaintiff has not received orthopedic care despite a "decreased range of motion to left knee" and other problems as a result of his fall. (*Id.* at CM/ECF pp. 14-15.)

Plaintiff alleges that Defendants' conduct violates the Eighth Amendment because they were deliberately indifference to Plaintiff's serious medical needs. Liberally construed, Plaintiff also alleges that Defendants violated the Eighth Amendment by failing to correct the hazardous conditions in the workplace. Plaintiff seeks monetary compensation in the amount of $12,501.00. (*Id.* at CM/ECF p. 26.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

*A. Eighth Amendment Medical Claim*

Liberally construed, Plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983 and alleges that Defendants Danaher, Doht, Butkus, and Casebolt violated Plaintiff's Eighth Amendment rights to receive medical care while incarcerated. (Filing No. 1.) A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). Further, a plaintiff must allege that he had objectively serious medical needs, and

that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn*, 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-104).

Here, Plaintiff alleged that he sustained a fall, injuring numerous parts of his body. (Filing No. 1.) He was on crutches for an extended period of time and suffered additional pain in his chest and leg while on bed rest. He was later diagnosed with blood clots. (*Id.*) In addition, Plaintiff specifically alleges that Defendants Danaher, Doht, Butkus, and Casebolt were "deliberately indifferent" in failing adequately to treat his injuries and for intentionally causing additional pain and injury in their treatment. (*Id.* at CM/ECF pp. 17-19.) The court finds that Plaintiff's allegations "nudge" his Eighth Amendment medical claim across the line from conceivable to plausible. As a result, this claim may proceed against Defendants Danaher, Doht, Butkus, and Casebolt in their individual capacities only. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

    B.    *Eighth Amendment Safety Claim*

The court liberally construes Plaintiff's Complaint to allege an Eighth Amendment claim related to Plaintiff's safety against Defendant Tollefson. A prisoner asserting a violation of his Eighth Amendment safety rights must show "deliberate indifference" or

4

reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Moreover, a viable Eighth Amendment claim consists of an objective component and a subjective component. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Here, Plaintiff alleges that he and other inmates repeatedly informed Defendant Tollefson about the unsafe working conditions in the kitchen. (Filing No. 1 at CM/ECF p. 11.) Defendant Hollefson allegedly ignored these requests and simply "failed to take any corrective measures to fix them." (*Id.* at CM/ECF p. 19.) As a result, Plaintiff allegedly sustained extensive injuries after slipping on water caused by broken equipment. Liberally construed, these allegations are sufficient to nudge his Eighth Amendment safety claim across the line from conceivable to plausible and Plaintiff's Eighth Amendment safety claim against Defendant Tollofson in his individual capacity may proceed. Once again, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### IV.  MOTION FOR APPOINTMENT OF COUNSEL

Pending before the court is Plaintiff's Motion for Appointment of Counsel. (Filing No. 4.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil

5

litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted).  No such benefit is apparent here.  The request for the appointment of counsel is therefore denied without prejudice.

    IT IS THEREFORE ORDERED that:

1. Plaintiff's Eighth Amendment claims against Defendants in their individual capacities may proceed;

2. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide.  The Clerk of the court shall send FIVE (5) summons forms and FIVE (5) USM-285 forms (for service on Defendants in their individual capacities only) to Plaintiff together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court.  In the absence of the forms, service of process cannot occur;

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process.  The Marshal shall serve the summons and Complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.  The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so;

4. Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint.  However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

6. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "**September 27, 2011:** Check for completion of service of summons.";

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal; and

8. Plaintiff's Motion for Appointment of Counsel (Filing No. [4](#)) is denied.

DATED this 31st day of May, 2011.

                BY THE COURT:

                s/Laurie Smith Camp
                United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.